**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Rebecca Johnson, Individually and as Personal Representative of the Estate of Frank Craig Johnson, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Prudential Insurance Company of America, | |
| Defendant. | |

Defendant, The Prudential Insurance Company of America (incorrectly identified as "Prudential Insurance Company of America" in the Complaint) ("Prudential" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the Court of Common Pleas, County of Greenville, State of South Carolina, Case No. 2021-CP-23-02627. In support of this Notice of Removal, Prudential states the following:

**Timeliness and Background**

1.    On June 2, 2021, Plaintiff Rebecca Johnson ("Plaintiff") commenced a civil action against Prudential by filing a complaint in the Court of Common Pleas, County of Greenville, State of South Carolina, titled *Rebecca Johnson, Individually and as Personal Representative of the Estate of Frank Craig Johnson v. The Prudential Insurance Company of America*, Case No. 2021-CP-23-02627. There are no other parties named in Plaintiff's complaint.

2.    On June 9, 2021, Plaintiff served Prudential through the State of South Carolina Department of Insurance. On June 9, 2021, the South Carolina Department of Insurance mailed a

copy of the summons and complaint by certified mail to Prudential's registered agent, which received the summons and complaint on June 11, 2021.

3.      "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1).

4.      Because Prudential has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitutes "all summons, pleadings, and orders" in the state court action is attached hereto as Exhibit A.

6.      In the Complaint, Plaintiff seeks accidental death and dismemberment ("AD&D") benefits under a Prudential-issued AD&D insurance policy insuring her late husband, Frank Craig Johnson. (Comp. ¶¶ 4, 8-9.) Plaintiff alleges that the decedent was insured for the AD&D benefits pursuant to an employee welfare benefit plan sponsored by his employer, ScanSource, Inc. ("the plan"). (Compl. ¶¶ 1-4.) Plaintiff alleges that the plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. (Compl. ¶¶ 6, 25.)

7.      Plaintiff has filed an ERISA claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) seeking to recover the AD&D benefits totaling $550,000, costs, interest, and attorneys' fees. (Compl., ¶ 25, Prayer for Relief.)

## Federal Question Jurisdiction

8.      ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under

employee benefit plans. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

9.       Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11.      Plaintiff's claim is brought pursuant to ERISA and thus arises under the laws of the United States within the meaning of 28 U.S.C. § 1331. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## Venue and Notice

12.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 121(6), this District embraces the Court of Common Pleas, County of Greenville, State of South Carolina, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action.  28 U.S.C. § 1441(a).

13.      Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Court of Common Pleas, County of Greenville, State of South Carolina, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d).

**<u>Conclusion</u>**

14.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

15.     Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

16.     Defendant has complied with all statutory requirements for removal.

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the District of South Carolina - Greenville Division. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

s/ J. D. Quattlebaum
J. D. Quattlebaum, Fed.ID No. 5252
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main Street, 2nd Floor (29601)
P.O. Box 2048
Greenville, SC 29602
(864) 240-3249
(864) 240-3300 (facsimile)

ATTORNEYS FOR DEFENDANT THE
PRUDENTIAL INSURANCE COMPANY OF
AMERICA

July 8, 2021
Greenville, South Carolina

4